## Woolford v. Woolford

*Thorpe Nesbit*, for plaintiff.
*George H. Detweiler*, for defendant.

MacNeille, J., December 4, 1936.—We are considering plaintiff's rule for judgment for want of a sufficient affidavit of defense to a portion of plaintiff's claim.

Paragraph 24 of defendant's affidavit of defense is not a sufficient denial of the corresponding averment in the statement of claim, and, taken together with admissions in paragraphs 19, 20, 22, and 23, there is due and owing to plaintiff by defendant at least $2,160, as to which plaintiff is entitled to judgment. However, plaintiff seeks a judgment in the sum of $3,856, which would include all but $253 of plaintiff's claim, but to part of this defendant claims to have a complete defense.

This suit is based on a claim growing out of a decree of the Circuit Court of Baltimore City of the State of Maryland, dated January 30, 1924, whereby the parties hereto were divorced a vinculo matrimonii. The decree also contains a recital that William Allen Woolford agreed that the said Jeanne H. Woolford should have the custody of the three children mentioned, and that he agreed to pay to the said Jeanne H. Woolford, for their support and maintenance, and education, a sum of approximately two hundred dollars per month. After which recitals, the decree continues:

"It is further adjudged, ordered and decreed that said Jeanne H. Woolford shall have the care and custody of the three children mentioned in this proceedings, and that said William Allen Woolford shall pay to said Jeanne H. Woolford by way of alimony for the support, maintenance and education of said children the sum of $15.50 per week for each child until said children respectively reach the age of 21 years."

The decree contains other orders but our quotations are of the parts that are relative to the present dispute.

There is no denial on the part of defendant of the facts which we have stated, but he declares as a matter of defense that on or about March 29, 1933, his former wife, plaintiff herein, made an arrangement with him, effective as of April 1932, as evidenced by her writing, as fol-

lows: "I will agree to accept $170 per month (plus $30 a month until the 1931 balance is paid) until your salary is increased."

The question now before us is whether or not this is a good contract which has served to modify or alter the decree as entered by the court for the maintenance of the children.

We cannot glean from the pleadings that there is any consideration to support this agreement. It is suggested by counsel for defendant that because of that agreement defendant refrained from appealing to the proper tribunal for a reduction or modification of the order, but the affidavit of defense does not say so: it merely says that defendant's salary having been cut he communicated the fact to plaintiff, suggesting a reduction, and thereafter, beginning with the month of April 1932, he sent her $170, which was less than the usual amount. He does not set forth that there was any dispute between him and her either as to the merits of the order, as to the interpretation thereof, or as to any amount due thereunder, nor that any such difference existing between them was settled. We see no such thing as an accord and satisfaction in this arrangement.

Nor do we think the situation is affected by the fact that for a period of time she accepted these reduced payments. It certainly is not clear that the so-called agreement meant that she was to accept the lesser amount each month as a discharge for the full amount ordered by the decree. Had the agreement said that in accepting this lesser amount she was agreeing that it should be in discharge of the greater amount, we might have a problem, but there is nothing of that sort contended by defendant; at least it is not so averred.

Even if we assume that plaintiff had agreed to accept the lesser amount in lieu of the greater, we doubt her right to do so. If the order were for alimony for her own benefit, and she chose to reduce it, it might be within her province to do so, but the decree definitely sets forth that

the fund is to be paid for the maintenance and education of the children. Their rights have received the consideration and protection of the court, and as we view it only the action of that tribunal can lessen the children's rights. True, defendant has referred us to a number of cases in other jurisdictions where the wife had been bound by her agreement to accept an amount less than that set forth in decree, but in all of those cases the payments referred to were alimony to the wife and for her benefit.

We are of the opinion that the rule, taken by plaintiff for judgment for the amount as to which the affidavit of defense is insufficient as stated in the rule, should be made absolute.